FILED
SUPERIOR COURT
OF GUAM
2014 FEB 25 PM 3: 39
CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

PATRICK MUNA CASTRO,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF296-12

**DECISION AND ORDER**

**(Defendant's Motion to Vacate
Plea Agreement)**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 23, 2013 on Patrick Muna Castro's ("Defendant") Motion to Vacate Plea Agreement. Defendant was represented by William B. Pole, Esq. The People of Guam ("the People") were represented by Assistant Attorney General Teri C. Tenorio. Following the hearing, the Court took the motion under advisement. Upon review of the oral and written arguments, and legal authorities presented by both parties, the Court issues this Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

The Superior Court of Guam Grand Jury returned a true bill in the instant case on May 11, 2012. Defendant is charged with the following: (1) Theft by Receiving Stolen Property (as a 2nd Degree Felony); (2) Theft by Receiving Stolen Property (as a 2nd Degree Felony); (3) Theft by Receiving Stolen Property (as a 2nd Degree Felony); and (4) Theft by Receiving Stolen Property (as a 3rd Degree Felony). He was arraigned on May 16, 2012 where he entered a plea of not guilty and asserted his right to a speedy trial of twelve jurors.

People v. Patrick M. Castro: CF 296-12
Decision and Order – Defendant's Mot. to Vacate Plea Agreement

Page 1 of 6

*ORIGINAL*

On June 25, 2012, the Court issued its Scheduling Order. The Court set jury selection and trial date for June 27, 2012, in light of Defendant's assertion. *See Scheduling Order* (Jun. 25, 2012). On June 25, 2012, Defendant waived his right to speedy trial. *See Assertion or Waiver of Speedy Trial & Request for Jury of Twelve in Felony Case* (Jun. 25, 2012). On July 12, 2012, the Court was prepared for jury selection. Approximately one hundred potential jurors were brought in to court for Defendant's trial. However, the parties represented to the Court that there was resolution on the matter. *Transcript JDAASCRA* (Jul. 12, 2012) at 1:06:13 p.m. Defendant agreed to plead guilty to the first two charges in the Indictment. As a result, the Court brought the parties back in at 3 p.m. that same day for a Change of Plea Hearing.

On December 10, 2012, Defendant represented that he could not continue forward with his plea agreement in open court. *Transcript JDAASCRA* (Dec. 10, 2012) at 10:27:01 p.m. Consequently, Public Defender Services Corporation[1] moved to withdraw as his attorney of record. *Notice of Mot. & Mot. to Withdraw as Attorney of Record* (Feb. 19, 2013). The People did not oppose Public Defender's Motion to Withdraw. Accordingly, a new appointed counsel was notified. Douglas B. Moylan, Esq. was appointed to represent the Defendant. However, Attorney Moylan also moved to withdraw citing that "he cannot provide the zealous representation, [this] client is entitled to receive." *Mem. Supporting Mot. to Withdraw as Counsel* at 2 (May 28, 2013). Thus, William B. Pole, Esq. was appointed to the case and currently represents the Defendant.

On August 29, 2013, Defendant filed his Motion to Vacate Plea Agreement Pursuant to Contract Law. Similarly, on September 17, 2013, Defendant filed his Motion to Vacate Plea Agreement Pursuant to the Plea Not Being Made Voluntarily, Knowingly, and Intelligently.

---

[1] Public Defender Services Corporation previously represented Defendant. Assistant Public Defender Pablo Aglubat was assigned to the case and assisted Defendant with his Plea Agreement.

The People filed their opposition on October 22, 2013. On December 23, 2013, the Court heard the matter. Defendant filed an addendum on December 26, 2013. The Court having considered the matter on file herein and deeming itself fully advised, now issues this Decision and Order **DENYING** Defendant's motion for the reasons below.

## DISCUSSION

Defendant moves the Court to vacate his Plea Agreement executed on July 12, 2012. Defendant argues that the "Plea Agreement was not made voluntarily, knowingly, and intelligently." *Def.'s Mot. to Vacate Plea Agreement* at 1 (Sep. 17, 2013). Defendant also argues that his Plea Agreement was "entered into because of ineffective assistance of counsel." *Id.* Defendant particularly indicated that "he was not probably counseled on the penalty he would receive." *Id.* at 2. Lastly, Defendant contends that "[t]he [People] created an 'illegal' plea when it provided that a plea can be submitted to the Court, but that the Attorney General and only the Attorney General can decide cooperation." *Def.'s Addendum to Mot. to Vacate Plea Agreement* at 2 (Dec. 26, 2013).

The People oppose Defendant's motion. The People argue that case law makes it clear, "if there is no deviation from the original charges and the court ensures that a defendant is making a fully informed, voluntary, and intelligent decision, the guilty plea cannot be withdrawn." *People's Opp'n Mot.* at 5 (Oct. 22, 2013). The People contend that "[b]ecause Defendant clearly understood his rights when he entered the plea of guilty, the People request this Court deny Defendant's Motion." *Id.* Further, the People argue that even if there is ambiguity as to some of the terms [in the plea agreement], this by itself does not render the agreement void." *Id.* at 4.

Plea Agreements are regulated under Guam law. Title 8 of the Guam Code Annotated specifically outlines how plea agreements are effectuated.

(a) The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. The court shall not participate in any such discussions.

(b) If a plea agreement has been reached by the parties which contemplates entry of a plea of guilty or nolo contendere in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the court shall require the disclosure of the agreement in open court at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.

(c) If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.

(d) If the court rejects the plea agreement, the court shall inform the parties of this fact, advise the defendant personally in open court that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

(e) Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.

(f) Evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.

8 GCA § 60.80 (2005).

A court may not accept a guilty plea unless the defendant is adequately informed of the nature of the charge against him. *People v. Van Bui*, 2008 Guam 8 ¶ 11. *See also* 8 GCA § 60.50 (2005) ("The court shall not accept a plea of guilty…without first, by addressing the defendant personally in open court, informing him of and determining that he understands…the

nature of the charge"). Similarly, a plea cannot support a judgment of guilt unless it was voluntary in a constitutional sense. *People v. Chung*, 2004 Guam 2 ¶ 13(citing *Henderson v. Morgan*, 426 U.S. 637, 644-45 (1976)).

The Court first addresses whether Defendant's Plea Agreement was taken in a manner that was knowingly, voluntarily, and intelligently. When Defendant entered his Change of Plea in open court on July 12, 2012, the Court addressed him personally. The Court inquired, among other things, into whether Defendant read the entire plea agreement; whether he understood that he was waiving his constitutional right to trial by jury and other rights, and whether he was entering the plea agreement voluntarily and of his own free will. *Transcript JDAASCRA* (Jul. 12, 2012) at 3:04:21 p.m. (*see also People v. Quitugua*, 2009 Guam 5 ¶ 3). On this basis, the Court proceeded and Defendant pled guilty to two counts of Theft by Receiving as Second Degree Felonies. Unlike the case in *Van Bui,* as cited by Defendant, the two counts Defendant pled to was not changed at all from the original Plea Agreement he signed. There was no deviation from the original agreement. Accordingly, this Court made the proper colloquy pursuant to 8 GCA §§ 60.50 and 60.60 to ensure that Defendant was entering his plea voluntarily. Thus, the Court still finds that Defendant made his plea knowingly, voluntarily, and without coercion or promises apart from his plea agreement.

Next, the Court examines Defendant's argument that the People created an 'illegal' plea when it provided that a plea can be submitted to the Court, but that the Attorney General and only the Attorney General can decide cooperation." On this ground, Defendant also states that he does not intend to cooperate with the People in prosecuting Irvin White in CF387-12, notwithstanding his agreement to do so in Paragraph 5(f) of the Plea Agreement. *See Def.'s Mot. to Vacate Plea Agreement Pursuant to Contract Law* at 1 (Aug. 29, 2013). Defendant

further states that it is clear that [he] may choose not to cooperate and if he chooses to not cooperate that the Plea is not accepted by the Court." *Id.* at 3. The People argue that "the language of the plea agreement is not properly characterized in Defense Motion." *People's Opp'n Mot.* at 3 (Oct. 22, 2013). They go on to say that "[i]f Defendant refuses to cooperate with the government, this is not an automatic nullification of the plea agreement as defense counsel claims." *Id.* at 3-4. The Court agrees. Likewise, the People "can and do choose to keep the plea agreement in place, despite Defendant's refusal to perform as promised. " *Id.* at 4. In review of this argument, the Court recognizes that charges against Irvin White in CF 387-12, have since been dismissed on October 10, 2013. On that basis, the Court finds that the Plea Agreement is still in place, especially in light of the People's position expressed above.

The Court concludes noting that "plea agreements resemble formal contracts and that contract law theories provide a 'useful analytical framework,' for dealing with plea agreements...." *Naron v. Bitanga*, 1999 Guam 21 ¶ 8 (citing *Ex parte Yarber*, 437 So.2d 1330, 1334 (Ala. 1983)). However, "contract law cannot be rigidly applied to plea agreements." *Id.*

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** the Defendant's Motion to Vacate Plea Agreement.

Further proceedings is scheduled for <u>March 10</u>, 2014 at <u>9 a.m</u>.

**SO ORDERED** this __25__ day of FEBRUARY, 2014.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

WPOLE/AG

FEB 2 5 2014    Date:___  Time:___ 545pm

Deputy Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam